Exhibit "A"

ELECTRONICALLY FILED
2021 Mar 15 9:41 AM
CLERK OF COURT

## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**BRITTANY GREER**

     **Plaintiff,**

**Vs.**                                    **No.:**

                                                      **JURY DEMANDED**

**KROGER LIMITED PARTNERSHIP I**

     **Defendant.**

## COMPLAINT

Plaintiff, Brittany Greer files this Complaint against Kroger Limited Partnership I ("Kroger"); and respectfully would show as follows:

### I.  PARTIES

1.     Plaintiff Brittany Greer ("Ms. Greer") is an adult resident of Shelby County, Memphis, Tennessee. Plaintiff is bringing this action and is before the Court to recover damages for personal injuries caused by the acts and/or omissions of the Defendant named herein.

2.     Defendant Kroger Limited Partnership I is a foreign corporation organized and qualified to do business and doing business in Memphis, Shelby County, with its principal place of business located at 1014 Vine Street, Cincinnati, OH 45202.  Kroger Limited Partnership I is located at 1759 Union Ave, Memphis, TN 38104.  Kroger Limited Partnership I can be served through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

### II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to inter alia, TCA §16-10-101.

4.      Venue is proper in this Court pursuant to <u>inter alia</u>, TCA §20-4-101, because all or part of this cause of action arose within Shelby County, Tennessee.

5.      Defendant Kroger Limited Partnership I has been served properly served with process in this matter.

### III.      FACTS AND ALLEGATIONS

The allegations set forth in the previous paragraphs are incorporated herein by reference.

6.      On September 5, 2020, at approximately 4:30 p.m., Plaintiff arrived on the premises of Kroger, located at 240 New Byhalia Rd., Collierville, TN 38017, with her friend.

7.      As Plaintiff walked into the store, she immediately slipped and fell on an oily substance that was spilled at the entrance.

8.      As a direct and proximate result of the fall, Plaintiff has incurred medical expenses and will continue to incur such expenses, experienced pain and suffering, mental and physical suffering and permanent scarring.

9.      At said time and place, Plaintiff, was a lawful guest upon the premises of the Defendant, Kroger, who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety.

### IV.      COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, KROGER

10.      Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through nine (9) as if fully set forth herein.

11.      At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

12.      At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)      Negligently failing to maintain or adequately maintain the store's entrance, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)      Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)      Negligently failing to inspect or adequately inspect the store's entrance, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said front entrance area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)      Negligently failing to inspect or adequately warn the Plaintiff of the danger of the front entrance flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)      Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the front entrance flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)      Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the front entrance flooring for dangerous conditions;

g)      Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the front entrance flooring for dangerous conditions;

h)      Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the front entrance flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)      Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)      Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises;

l)      Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m)      Negligently failing to act reasonably under the circumstances;

n)      Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)      Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)      Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)      Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)      Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)      Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

13.      As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the front entrance area, sustaining significant personal injuries.

14.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, medical care and treatment, and loss of earning.  The losses are either permanent or continuing and Plaintiff may continue to suffer the losses in the future.

### V.     COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, KROGER

15.     Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through fourteen (14) as if fully set forth herein.

16.     At said time and place, Defendant owned, controlled, and/or possessed the business premises.

17.     At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

18.     At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a)     Negligently failing to maintain or adequately maintain the store's entrance, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

    b)     Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    c)     Negligently failing to inspect or adequately inspect the store's entrance, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said front entrance area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)      Negligently failing to inspect or adequately warn the Plaintiff of the danger of the front entrance flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)      Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the front entrance flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)      Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the front entrance flooring for dangerous conditions;

g)      Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the front entrance flooring for dangerous conditions;

h)      Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the front entrance flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)      Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)      Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises;

l)      Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m)      Negligently failing to act reasonably under the circumstances;

n)  Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)  Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)  Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)  Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)  Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)  Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

19.  As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the front entrance area, sustaining significant personal injuries.

20.  As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, medical care and treatment, and loss of earning.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff Brittany Greer, sues the Defendant for the following relief and request judgment against the Defendant for:

(1)     Present cash value of any medical care and treatment that she will have to undergo;

(2)     Special damages for medical, hospital and doctors expenses incurred, according to proof;

(3)     Compensatory damages in a just, fair and equitable amount to be determined by the jury after hearing the facts and issues of this case, not to exceed One Hundred Thousand Dollars ($100,000);

(4)     Pre- and post judgment interest and all costs and expenses of this action; and

(5)     Such other and further relief to which the Plaintiff may be entitled under law and equity.

**THE PLAINTIFF DEMANDS A JURY TO DETERMINE ALL ISSUES TRIABLE IN THIS CAUSE.**

**Respectfully submitted,**

**MORGAN & MORGAN MEMPHIS, LLC**

Elaine Sheng, Esq. (TN BPR #18438)
Morgan & Morgan Memphis, LLC
80 Monroe, Suite 900
Memphis, Tennessee 38103
Phone: (901) 333-1918
Fax:    (901) 333-1882
esheng@forthepeople.com

*Attorney for Plaintiff*

**CIRCUIT/CHANCERY COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2021 Mar 15 9:41 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. CT-0623-21

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| ERIC LOTT | VS | CENTRAL DEFENSE SERVICES, LLC and KROGER LIMITED PARTNERSHIP I |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Kroger Limited Partnership I
c/o Corporation Service Company, Registered Agent
2908 Poston Avenue
Nashville, TN 37203

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◉ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Elaine Sheng, Esq.                              Plaintiff's

attorney, whose address is 80 Monroe, Suite 900, Memphis, TN 38103

telephone 901-333-1918                    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                              Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**          BRITTANY GREER VS KROGER LIMITED PARTNERSHIP I

**Case Number:**      CT-1038-21

**Type:**                    SUMMONS ISSD TO MISC



David Smith, DC

Electronically signed on 03/15/2021 09:48:23 AM

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2021 Mar 15 2:35 PM
CLERK OF COURT

## CORRECTED SUMMONS IN CIVIL ACTION

Docket No. CT-1038-21

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| BRITTANY GREER | VS | KROGER LIMITED PARTNERSHIP I |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Kroger Limited Partnership I
c/o Corporation Service Company, Registered Agent
2908 Poston Avenue
Nashville, TN 37203

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◉ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Elaine Sheng, Esq.                    Plaintiff's

attorney, whose address is 80 Monroe, Suite 900, Memphis, TN 38103

telephone 901-333-1918                    within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____day of _____, 20_____at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____     By: _____
Signature of person accepting service                                     Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**       BRITTANY GREER VS KROGER LIMITED PARTNERSHIP I

**Case Number:**   CT-1038-21

**Type:**                 SUMMONS ISSD TO MISC



Michal Nickelberry, DC

Electronically signed on 03/15/2021 02:39:17 PM

ELECTRONICALLY FILED
2021 Mar 15 9:41 AM
CLERK OF COURT

## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**BRITTANY GREER**

     **Plaintiff,**

**Vs.**                   **No.:**

                              **JURY DEMANDED**

**KROGER LIMITED PARTNERSHIP I**

     **Defendant.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT

COMES NOW the Plaintiff, by and through counsel, pursuant to Tennessee Rules of Civil Procedure and (a) propounds the following interrogatories to be answered fully under oath by Kroger Limited Partnership I (hereinafter "Kroger") and (b) requests the following items to be produced on or before forty-five (45) days after service, at the offices of Morgan & Morgan Memphis for inspection and copying or at such place and time as agreed to between or among the parties in writing.

These interrogatories and request for documents are directed to Kroger Limited Partnership I, but include inquiry regarding information and items within the knowledge, possession, custody, or control of Kroger Limited Partnership I and its attorneys, or anyone else acting on their behalf. These discovery requests are to be considered continuing, requiring the supplementation of answers in the event new information is obtained by Kroger Limited Partnership I and/or its attorneys, or any other person acting on their behalf, subsequent to the time that Kroger Limited Partnership I's answers are served upon the Plaintiff or the requested herein are produced.

## DEFINITIONS

A. "Person" or "persons" means all individuals and entities, and includes, without limiting the generality of the foregoing, all individuals, sole proprietorships, associations, companies, agencies, boards, authorities, commissions, partnerships, joint ventures, corporations, trusts and estates.

B. "State," "identify," and "describe" means to specifically state all complete information known or available to Century Management and regarding the person, event, act, items, thing, or document to which reference is make including, but not limited to, the following:

  a. In the case of a natural person, state his full name and present or last known address;

  b. In the case of a business concern, to state its name and its present or last known address;

  c. In case of an item or thing, other than a document, to describe it with particularity as to characteristics and the name and address of the person presently having control, custody or possession of it;

  d. In the case of any act or event, to state the date such occurred, and the name and present or last known address of each person involved or observing same;

  e. In the case of a document, to state its date, its author, its recipient or the person for whom it was prepared, if any, the type of document (e.g., letter, memoranda, chart, or other category), its present location, and the custodian thereof. If such document was, but is no longer, in Kroger Limited Partnership I's possession or

control or in existence, state whether it:

    i.   Is missing or lost,

    ii.   Has been destroyed,

    iii.   Has been transferred, voluntarily or involuntarily, to another, or

    iv.   Has otherwise been disposed of, and in each instance explain the attendant circumstances of such disposition, including the date thereof. In lieu of identifying a document, a copy thereof may be supplied.

C.  "Documents(s)" means the original and if the original is unavailable, any copy of all written, recorded or graphic matter, whether produced or reproduced by handwriting, magnetic recording, photograph, Photostat, printing, digital imaging, electronic tape, transcription of spoken language or other record of spoken language, typewriting, writing of any other means, agreements, appointment books, summaries, analyses, bills, books, cablegrams, calendars, cards, charts, contracts, correspondence, credit memoranda, diaries, documents, expense accounts, now or formerly in the actual or constructive possession, custody or control of Century Management, its agents or representatives (including attorney), and without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document(s)" includes file cards, films, financial statements and reports, invoices, journals, ledgers, letters, logs, medical records, memoranda, memorials in any form of telephone conversations, minutes, notes, notices, papers, prescriptions, purchase orders, rate cards, receipts, recordings by any medium, records, reports, slides, statements, telegrams, telephone slips, telexes, time sheets, transcripts of any type of recording, viewgraphs and any other pertinent information.

D.  "Electronic document(s)" includes, but is not limited to, emails, data files, spreadsheets, web pages, databases, address books, newsgroup postings, message board postings,

accounts, images, replicate files, backup files, residual data, network logs, fax logs, phone logs.

E. "Electronic Document sources" includes, but is not limited to, the network file server(s), mainframes, minicomputers, stand-alone PC's, and network workstations, laptops, and any other computer used by employers while away from home or at home computers used for work. This also includes offline storage medium that includes but not limited to backup and archives, floppy disks, tapes, compact disks, DVD's, hard drives, and any other electronic storage medium.

F. The words "you" and "your" means Kroger Limited Partnership I, including but not limited to, its partners, parents, subsidiaries, shareholders, predecessors in interest, associates, employees, agents, representatives, attorneys and investigators.

G. Unless otherwise indicated, words in the singular shall include the plural, and vice versa, and any second personal shall include all such pronouns.

H. "And" and "or" shall be interpreted either conjunctively or disjunctively to bring within the scope of these Interrogatories any information that might otherwise be constructed to be outside its scope and shall not be interpreted so as to exclude any information otherwise within the scope of the Request.

I. "Event," "Incident," or "Claim" shall mean the slip and fall incident involving Brittany Greer which occurred on September 5, 2020 at approximately 4:35 p.m., at the Kroger, located at 240 New Byhalia Rd., Collierville, TN 38017 as more fully described in the Complaint filed in this cause.

J. "Premises" shall mean the Kroger, 240 New Byhalia Rd., Collierville, TN 38017.

## **INSTRUCTIONS**

1. Whenever an Interrogatory or Request for Production asks for the identification of any document or the answer refers to a document or is taken from the document to the Interrogatory or Request for Production with an identification of the Interrogatory or Request for Production to with it corresponds.

2. With respect to any document called for by these Interrogatories and Requests for Production that is withheld upon a claim of privilege, state for each such document:

   a. The subject matter of the document;

   b. The date of the document;

   c. Its author

   d. Identify by name, last known address and telephone number, each person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document;

   e. Identify by name, last known address and telephone number, each person who  was present when the document was prepared;

   f. Identify by name, last known address and telephone number, each person with whom the contents of the document have been discussed;

   g. Identify by name, last known address and telephone number, each person to whom the document, or copy of the document, has been sent;

   h. Identify by name, last known address and telephone number, each person who has ever had possession, custody, or control of the document or any copy thereof and the persons who have present custody or control of the document or a copy of it;

   i. State the privilege asserted (i.e. attorney-client, self-incrimination, etc.) and

give the citation to any statute that you contend supports your assertion of privilege.

3.  If any Interrogatory is not answered in full, then state the precise reason for failure to complete the answer. If a legal objection is made with response to any Interrogatory, then set forth the specific reason for such objection. If only a portion of the Interrogatory cannot or will not be answered, then provide the fullest answer to the Interrogatory and thereafter specifically set forth: (a) the facts that the answer is incomplete; and (b) the reason or grounds for any omission and/or refusal to complete.

4.  When the Request for Production refers to electronic data that data must be produced in a suitable computer readable form that is agreed upon by the parties in writing.

## **INTERROGATORIES**

INTERROGATORY NO. 1:   State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

INTERROGATORY NO. 2:   Is the name of the Defendant correctly stated in the Complaint?  If not, please state the correct name and if applicable all name changes from the date of the alleged incident to the present.

INTERROGATORY NO. 3:   Are the date, time and place of the alleged incident correctly stated in the Complaint?  If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

INTERROGATORY NO. 4:   Please state whether any incident report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address and occupation of the current custodian of said incident report.

INTERROGATORY NO. 5:   Please list the name, last known address and employer of each and every employee employed by Defendant, Kroger and working at said location on the date of the incident as alleged in the Complaint.

INTERROGATORY NO. 6:   State full name, address, occupation, employer and telephone number of any and all persons known to have any information concerning the incident alleged in Plaintiff's Complaint in this action.

INTERROGATORY NO. 7:   Have you, your agents, investigators, attorneys or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons described in your previous Interrogatory answers?  If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

INTERROGATORY NO. 8:   Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by the Defendant to prevent the incident.

INTERROGATORY NO. 9:   State the frequency and dates of inspections of the area where this incident occurred for the 30-day period prior to the incident and the 24-hour period after this incident, which is the subject matter of this litigation.  State the name, address, job title and telephone number of the person who made the last inspection prior to the incident.

INTERROGATORY NO. 10:   Did any person inspect the area where the Plaintiff was allegedly injured within 24 hours prior to or following the alleged incident? If so, please state the name, address and telephone number of each person performing said inspection, the times or

frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

INTERROGATORY NO. 11: State who was responsible for the design and construction of that portion of the premises (to include shelving/product displays and/or flooring) where Plaintiff was injured as alleged in the Complaint.

INTERROGATORY NO. 12: Please state whether or not you have experienced any other slip and fall incidents in the subject premises for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

INTERROGATORY NO. 13: Please state whether or not you have experienced any other slip and fall incidents for all locations in Tennessee for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

INTERROGATORY NO. 14: Please state whether or not you have experienced any other slip and fall incidents for all locations nationwide for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

INTERROGATORY NO. 15:  Please identify the type of flooring that was used at the subject location in the area where the subject incident is alleged to have occurred as of the date of the subject incident.

INTERROGATORY NO. 16: Please specify the make and/or manufacturer of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred as of the date of the subject incident.

INTERROGATORY NO. 17:  Please identify all specifications of the flooring material of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred as of the date of the incident.

INTERROGATORY NO. 18: Please identify all types of sealants or floor polishes that were used on the floor surface and/or flooring in the area where the subject incident is alleged to have occurred as of the date of the incident for the three (3) year period of time immediately preceding the subject incident.

INTERROGATORY NO. 19: Please identify the cleaning method for the floor surface and/or flooring in the area where the subject incident is alleged to have occurred as of the date of the incident.

INTERROGATORY NO. 20:  Please identify who (individuals or company) that was responsible for cleaning the floor surface and/or flooring in the area where the subject incident is alleged to have occurred as of the date of the incident.

INTERROGATORY NO. 21:  Please identify all cleaning products that were used to clean the floor surface and/or flooring in the area where the subject incident is alleged to have occurred as of the date of the incident for the three (3) period of time immediately preceding the subject incident.

INTERROGATORY NO. 22:  What was the schedule for cleaning of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred as of the date of the incident.

INTERROGATORY NO. 23:  Has there ever been a walkway audit performed of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred. If so, please provide the date the audit occurred, the company performing the audit, and the results of said audit.

INTERROGATORY NO. 24:  Has there ever been a risk assessment performed of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred. If not, why?

INTERROGATORY NO. 25:  Please provide any certification or acceptance of the slip resistance of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred as of the date of the incident.

INTERROGATORY NO. 26:  What is the coefficient of friction of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred.

INTERROGATORY NO. 27:  As of the date of the subject incident, did you ever assign a specific associate or associates to continuously or periodically inspect the floor surface and/or flooring in the area where the subject incident is alleged to have occurred for dangerous conditions such as liquid substances.

INTERROGATORY NO. 28:  Who was the competent individual within your company who is responsible for walkway safety as of the date of the subject incident.

## **REQUESTS FOR PRODUCTION**

REQUEST NO. 1:     Please produce all statements made by any witnesses to the subject accident at the subject place of business located at 240 New Byhalia Rd., Collierville, TN 38017, Shelby County, Tennessee.

REQUEST NO. 2:     Please produce all statements made by the Plaintiff pertaining to or concerning the subject matter.

REQUEST NO. 3:     Please produce all photographs of the area involved in the subject accident.

REQUEST NO. 4:     Please produce a copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

REQUEST NO. 5:     Please produce a copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

REQUEST NO. 6:     Please produce any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

REQUEST NO. 7:     Please produce any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

REQUEST NO. 8:     Please produce time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

REQUEST NO. 9:     Please produce inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

REQUEST NO. 10:     Please produce a true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

REQUEST NO. 11:     Please produce a true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

REQUEST NO. 12:     Please produce a true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

REQUEST NO. 13:    Please produce a true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject accident.

REQUEST NO. 14:    Please produce a true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

REQUEST NO. 15:    Please produce a true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

REQUEST NO. 16:    Please produce a true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

REQUEST NO. 17:    Please produce a true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on substances on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

REQUEST NO. 18:    Please produce a true and correct copy of any and all photographs taken of the accident scene.

REQUEST NO. 19:    Please produce any and all footage from CTV/security/surveillance cameras that depict the events alleged in the complaint.

REQUEST NO. 20:     Please produce any and all footage from CTV/security/surveillance cameras that depict Plaintiff regardless of location on the subject premises for the entire date of incident.

REQUEST NO. 21:     Please produce any and all footage from CTV/security/surveillance cameras that depict the subject incident.

REQUEST NO. 22:     Please produce any and all footage from CTV/security/surveillance cameras that depict the area where the subject incident occurred for the period of time beginning four (4) hours immediately prior to the subject incident and ending four (4) hours immediately after the subject incident.

REQUEST NO. 23:     Please produce any and all footage from CTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24 hour period of time immediately preceding the subject incident.

REQUEST NO. 24:     Please provide footage from all CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24 hour period of time immediately preceding the subject incident.

REQUEST NO. 25:     Please produce all reports regarding the testing and coefficient of friction of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred.

REQUEST NO. 26:     Please provide a list of all slip and falls that occurred at the subject location for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

REQUEST NO. 27:   Please provide a list of all slip and falls that occurred at all locations statewide for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

REQUEST NO. 28:   Please provide a list of all slip and falls that occurred at all locations nationwide for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

Respectfully submitted,

**MORGAN & MORGAN MEMPHIS, LLC**

Elaine Sheng, Esq. (TN#18438)
80 Monroe, Suite 900
Memphis, Tennessee 38103
Phone: (901) 333-1918
Fax:    (901) 333-1882
esheng@forthepeople.com
*Attorney for Plaintiff*

Elaine Sheng, Esq.

*Served with Complaint*